UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED SEP 15 2026
CLERK

UNITED STATES OF AMERICA :
:
*versus* :
:
BENJAMIN FIELDS :

CRIMINAL NO. 26-MJ-109-EWD

**UNDER SEAL**

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION**

The United States of America, by and through undersigned counsel, respectfully submits this memorandum in support of its request that Defendant Benjamin Fields ("Mr. Fields") be detained pending the trial of this matter pursuant to 18 U.S.C. § 3142(f)(2). As set forth below (which may be amplified by testimony and evidence presented at the detention hearing), Mr. Fields poses a grave danger to the community. Consequently, if Mr. Fields is granted pretrial release, "no condition or combination of conditions will reasonably assure the safety of any other person and the community."[1] Thus, this Court should order Mr. Fields's pretrial detention.

## I. PROCEDURAL HISTORY

On September 2, 2026, a grand jury in the Southern District of Texas returned an Indictment charging Mr. Fields with aiding and abetting

(1) a violation under 18 U.S.C. § 1951—*i.e.,* obstructing, delaying, and affecting interstate commerce and the movement of articles and commodities in commerce by means of robbery; and

(2) a violation under 18 U.S.C. § 924(c)—*i.e.,* brandishing a firearm during and in relation o the foregoing § 1951 violation.[2]

This Court held Mr. Fields's initial appearance last Friday, September 11. At Mr. Fields's initial appearance, the government moved for Mr. Fields's pretrial detention under 18 U.S.C. §

---

[1] 18 U.S.C. § 3142(e)(1).
[2] *See* Indictment.

3142(f)(1)(A), since Mr. Fields has been indicted for a crime of violence (*i.e.,* a § 1951 violation).[3]

## II. FACTUAL BACKGROUND

### A. The Confessions restaurant incident

On the evening of April 9, 2026, Mr. Fields and his associates arrived at Confessions restaurant in Houston, Texas. Confessions is an exquisite table-service restaurant located on the second floor of a building on Kirby Drive near downtown Houston.

According to restaurant surveillance footage, Mr. Fields and his associates approached Jeremy Ford ("Mr. Ford") and his party at a nearby elevator. One of Mr. Fields's associates pushed Mr. Ford and then quickly brandished a pistol. Amidst the resultant uproar, Mr. Fields can be seen—calmly and intentionally—attempting to take Mr. Ford's watch from his hand. See the image below (Mr. Fields is circled in red; Mr. Ford is circled in green).[4] After Mr. Ford rebuffs, Mr. Fields's and Mr. Ford's parties leave the elevator area.




Soon after, surveillance footage shows Mr. Fields—in the restaurant dining room—wrenching Mr. Ford's watch from his arm (unsuccessfully) as Mr. Ford struggles to disengage from Mr. Fields. See below.

[3] Under 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention, upon motion of the government, in a case that involves a "crime of violence". "[A]iding and abetting Hobbs Act robbery is a crime of violence." *See U.S. v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023). *See also U.S. v. Madrid-Paz,* No. 22-20397, 2023 WL 7013354 (5th Cir. Oct. 24, 2023).

[4] The surveillance footage from which the screen-captures originate will be offered at the detention hearing.



As the struggle continued in the Confessions dining room, one of Mr. Fields's associates assisted Mr. Fields in trying to remove Mr. Ford's watch. With his free hand, Mr. Fields's associate also pulls a pistol and points it at Mr. Ford's ribs. See below (Mr. Fields is circled in red; the pistol is circled in yellow).



Unsuccessful in his attempts to remove Mr. Ford's watch, Mr. Fields changes tack and begins to lurch at the chain around Mr. Ford's neck (eventually removing it). Then, Mr. Fields places Mr. Ford in a chokehold that seemingly renders him unconscious. While Mr. Ford was briefly unresponsive, Mr. Fields and his associates effectively removed Mr. Ford's watch and chain. See the foregoing sequence of events below (Mr. Fields is circled in red in each screen-capture).

| Mr. Fields chokes Jeremy | Mr. Ford loses consciousness | Mr. Fields takes jewelry |
|---|---|---|
|  |  |  |

After Mr. Ford gains awareness and stands, Mr. Fields unleashes a flurry of closed fist punches on Mr. Ford. Mr. Fields is quickly assisted by his associates who also begin attacking Mr. Ford. As the attack on Mr. Ford barrels through dining tables, a holstered pistol (ostensibly dropped during the scuffle) can be seen on the floor. Then, Mr. Ford is thrown to the floor on or near the dropped pistol. Mr. Ford then takes hold of the pistol and begins firing on (and striking) his attackers, beginning with Mr. Fields—whose injury rendered him stricken to a wheelchair. The remaining restaurant patrons frantically bolted for the exits. See the foregoing events depicted below (Mr. Fields is circled in red; the pistol is circled in yellow).

| Mr. Fields assaults Mr. Ford | A pistol is lying on the floor | Mr. Ford grabs the pistol |
|---|---|---|
|  |  |  |

### B. Mr. Fields's background

According to the Pretrial Services Report on Mr. Fields (provided by the U.S. Probation and Pretrial Services in the Middle District of Louisiana), he has been arrested six times for firearm violations (including Assault by Drive By shooting). In a single year, Mr. Fields was arrested twice for flight from an officer (one of which was aggravated flight). He has also been arrested six times for drug violations. In the Louisiana Middle District, Mr. Fields was convicted for (1) possession of contraband in prison; and (2) violating his supervised release.

As FBI Supervisory Special Agent Jessica Sullivan is expected to testify at the detention hearing, Mr. Fields has strong ties with the "Never Broke Again" organization ("NBA"), and the organization's figurehead, venerated rapper NBA YoungBoy. As SSA Sullivan is expected to disclose, NBA is a well-heeled, national organization that contains certain members known to the FBI for the criminal activity.

### C. The May 12, 2026, shooting

According to a Baton Rouge Police incident report, Mr. Fields was involved in a shooting that happened at the intersection of Nairn Drive and Wells Street. The reporting officer concluded that Mr. Fields and his acquaintances were gathered near the street when a vehicle drove close to them—causing them to fire on the vehicle. The reporting officer did not conclude that Mr. Fields was shooting (in fact, the reporting officer noted that he was shot by his acquaintance who was shooting at the passing vehicle). However, the reporting officer set out that a tan Glock with a drum magazine was recovered at the scene, and that the possessor of the tan Glock never had the opportunity to fire at the vehicle. Interestingly, Mr. Fields has posted photographs on social media depicting him holding a tan Glock with a drum magazine. See the image below of Mr. Fields holding the tan Glock at the intersection of Nairn and Wells.




Moreover, since the May 12 incident (when officers seized the tan Glock), Mr. Fields has posted images with a new black Glock handgun with an extended magazine.

### D. Mr. Fields's social media photographs

Mr. Fields's social media footprint is littered with photographs of him holding pistols and AR-style rifles. Of high note, one of Mr. Fields's latest social media posts (dated August 8, 2026, which is almost four months after the Confessions incident) shows Mr. Fields smiling and pointing a black Glock pistol at the camera. This image is key because it shows that Mr. Fields—even in his partially disabled state—has the full physical ability to brandish a handgun. See the August 8 post below.




Worse still, only a few days before publishing the foregoing post, Mr. Fields posted an image of himself—seated—handling a wad of cash while a handgun with an extended magazine (perceivably the same gun shown in the August 8 post) lies in his lap. Appallingly, a small child who appears to be under four years old is seen only a few feet from the plain-view handgun. See below.



## III. LEGAL STANDARD AND ARGUMENT

Under the Bail Reform Act, the Court "shall order" a defendant detained if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[5] "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required."[6] If risk of flight is the basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings.[7] The clear and convincing evidence standard applies when assessing whether any conditions will reasonably assure the safety of others.[8] Furthermore, "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing," which "implies the judicial officer can rely on matters brought out at the hearing which would not be considered as 'evidence' under traditional trial standards."[9]

### A. It is presumed that Mr. Fields should be detained because he has been indicted for a § 924(c) violation.

Under 18 U.S.C. § 3142(e)(3)(B), it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required **and** the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed … an offense under section 924(c) … ."[10] The indictment alone is sufficient to raise the rebuttable presumption.[11]

---

[5] 18 U.S.C. § 3142(e)(1).
[6] *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).
[7] *United States v. Fortna* 769 F.2d 243, 250 (5th Cir. 1985).
[8] 18 U.S.C. § 3142(f).
[9] *Id.*
[10] 18 U.S.C. § 3142(e)(3)(B) (emphasis supplied).
[11] *See, e.g.*, *United States v. Dillon*, 938 F.2d 1412 (1st Cir. 1991); *United States v. Dominguez*, 783 F.2d 702, 706

Here, Mr. Fields has been indicted for aiding and abetting a violation of 18 U.S.C. § 924(c).[12] Thus, Mr. Fields's foregoing indictment imposes the legal presumption that no condition or combination of conditions will reasonably assure his appearance as required **and** the safety of the community. Put another way, Mr. Fields's pretrial detention is presumed by law.

**B. Notwithstanding the foregoing presumption, Mr. Fields's pretrial detention is nonetheless critical because he satisfies the § 3142(g) factors and he is a danger to the community.**

The Court must, in considering whether there are any conditions of release that would reasonably assure the defendant's appearance and the safety of the community, consider the following factors:

(1) the "nature and circumstances of the offense charged including whether the offense is a **crime of violence**";

(2) the "weight of the evidence against the defendant";

(3) the "history and characteristics of the defendant"; and

(4) the "nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release."[13]

Here, concerning the first factor, Mr. Fields has been indicted for aiding and abetting a violation of §§ 1591 (and 924(c)). As established, "aiding and abetting Hobbs Act robbery [*i.e.*, a violation of § 1591] is a crime of violence."[14] Thus, the first factor weighs irrefutably in favor of Mr. Fields's pretrial detention.

---

n.7 (7th Cir. 1986); *United States v. Contreras*, 776 F.2d 51 (2d Cir. 1985); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

[12] The fact that Mr. Fields was indicted for *aiding and abetting* the § 924(c) violation is of no moment because "[u]nder the general aiding and abetting statute, a person who aids and abets the commission of an offense is treated the same as a principal actor." *See U.S. v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023), quoting *United States v. Williams*, 449 F.3d 635, 647 (5th Cir. 2006).

[13] *See* 18 U.S.C. § 3142(g)(1-4) (emphasis supplied).

[14] *U.S. v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023).

Second, there is a substantial weight of evidence for Mr. Fields's charges. Indeed, the entirety of Mr. Fields's conduct for which he has been charged was caught on camera. Additionally, because Mr. Fields is relatively famous (considering his affiliation with NBA and rapper YoungBoy), his conduct at Confessions on the night of April 9 has been widely publicized by news outlets and on social media. In other words, the weight of evidence against Mr. Fields is strong and his celebrity has pretermitted him from outrunning it. Thus, the second factor weighs strongly in favor of Mr. Fields's pretrial detention.

Third, Mr. Fields's criminal history is pockmarked with six arrests for gun violations, six arrests for drug violations, two arrests for fleeing an officer, a conviction for possession of contraband in prison, and a conviction for his violations of his subsequent supervised release. In addition, Pretrial Services has noted that Mr. Fields is a self-employed rapper with no income, he is single and has five children living with their mothers, that he has used marijuana and consumed Percocet (without a prescription) since he was a teenager, and that he drifts house-to-house. Thus, Mr. Fields's criminal history militates forcefully toward pretrial detention, and his character and scant family ties do not detract therefrom.

Finally, and perhaps most radiant here, there is an unmistakable "seriousness of the danger to any person or the community that would be posed by [Mr. Fields's] release."[15] Mr. Fields's abundant social media posts depicting him antagonistically holding firearms is probative of his danger to the community. So too is his affiliation with NBA. More to the point, Mr. Fields's association with the May 12 Baton Rouge shooting over a month after he was confined to a wheelchair shows that he is yet dangerous, and—at minimum—associates with others who are dangerous. Most stirring, Mr. Fields's social media post showing him recklessly possessing a

[15] *See* 18 U.S.C. § 3142(g)(1-4).

Glock pistol within arm's reach of a small child is an incontrovertible display of community danger. Thus, releasing Mr. Fields pending his trial in Houston, Texas exposes the community (in Louisiana and Texas) to danger.

Therefore, notwithstanding the legal presumption that Mr. Fields should be detained pending trial, the above shows that all four § 3142(g) factors are duly satisfied and that it is imperative—and well within the ambit of this Court—to order Mr. Fields's pretrial detention.[16]

## IV. CONCLUSION

Mr. Fields's deep-seated past with crime and firearms—and the temerity with which he attacked and robbed Jeremy Ford in a public restaurant—make a compelling showing of his danger to the community. Mr. Fields may be partially disabled and require assistance, but he has certainly proven that, in his current physical state, he can find and brandish firearms without assistance. As a result, and consistent with the recommendations set out in the Pretrial Services Report, the United States respectfully requests that this Court detain Mr. Fields in a medical facility pending trial because no conditions of release will reasonably assure the safety of the community.

Respectfully submitted this 15th day of September, 2026, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

KURT WALL
UNITED STATES ATTORNEY

Nathan L. Munsell, LBN 41096
Assistant United States Attorney
451 Florida Street, Suite 300
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: nathan.munsell@usdoj.gov

[16] Of note, according to Deputy U.S. Marshal Erica Paz of Houston, upon the pretrial detention order of this Court, Mr. Fields will be detained in an undisclosed medical facility in Houston; not a traditional penal facility.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 26-MJ-109 |
| *versus* | : | |
| | : | **UNDER SEAL** |
| BENJAMIN FIELDS | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Memorandum in Support of Pretrial Detention* was filed in person with the Clerk of Court. Notice of this filing will be sent to counsel of record by via electronic mail.

Baton Rouge, Louisiana this 15th day of September 2026.

Nathan L. Munsell, LBN 41096
Assistant United States Attorney